IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-CV-51-KS

| | |
|---|---|
| RAMONA CAROL TIEDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MARTIN O'MALLEY, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant.[1] ) | |

This matter is before the court on the parties' briefs pursuant to the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Ramona Carol Tiedt ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability and disability insurance benefits ("DIB"). Having carefully reviewed the administrative record and the parties' briefs, the court remands the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

---

[1] Martin O'Malley became Commissioner on December 20, 2023, and is therefore substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and DIB on August 31, 2020, with an alleged onset date of April 1, 2020.[2] (R. 20, 221–27.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 20, 105, 116, 170–71.) A telephonic hearing was held on August 9, 2022, before Administrative Law Judge ("ALJ") Mason Hogan, who issued an unfavorable ruling on October 20, 2022. (R. 17–82.) On July 20, 2023, the Appeals Council denied Plaintiff's request for review. (R. 4–9.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. On September 11, 2023, Plaintiff initiated an action in this court, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v.*

---

[2] Plaintiff subsequently amended the alleged onset date to July 1, 2020. (R. 20, 260.)

*Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other

3

Case 2:23-cv-00051-KS Document 17 Filed 09/20/24 Page 3 of 9

work exists in the national economy that the claimant can perform. *Id.* In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

III. **ALJ's Findings**

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter, the ALJ found that Plaintiff meets the insured status requirements of the Act through December 31, 2024. (R. 23.) At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date of July 1, 2020. (*Id.*) Next, the ALJ determined Plaintiff has the severe impairments of degenerative disc disease, acquired kyphosis, hip bursitis, generalized osteoarthritis, chronic obstructive pulmonary disease ("COPD"), chronic bronchitis, mild-to-moderate sensorineural hearing loss, and plantar fasciitis. (*Id.*)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1, through the date last

4

insured. (R. 26.) The ALJ expressly considered Listings 1.15, 1.18, 2.07, 2.10, and 3.02. (R. 26–28.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform a reduced range of light work as defined in 20 CFR 404.1567(b). [Plaintiff] can sit for six hours and stand and/or walk for four hours in an eight-hour workday. She can lift and carry 20 pounds occasionally; 10 pounds frequently; and can push and pull in accordance with those lifting and carrying limitations. She can only occasionally operate foot controls with the right lower extremity. [Plaintiff] can occasionally climb, stoop, kneel, crawl, and balance, as that term is defined in the Dictionary of [O]ccupational Titles. She can frequently reach overhead, handle, and finger with the bilateral upper extremities. She can have only occasional exposure to fumes, odors, dust, gases, and poor ventilation; and can have only occasional exposure to hazards, such as unprotected heights and moving mechanical parts. [Plaintiff] can only work in occupations that have exposure to no more than moderate noise levels, as that term is used in the Dictionary of Occupational Titles and Selected Characteristics of Occupations.

(R. 28.) In making this assessment, the ALJ stated that he considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. § 404.1529 and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence in the record." (R. 29.) At step four, the ALJ concluded that Plaintiff is able to perform past relevant work as a telemarketer. (R. 36.) The ALJ concluded that Plaintiff has not been disabled under the Act from July 1, 2020, through October 20, 2022. (R. 37.)

5

## IV. Plaintiff's Argument

Plaintiff contends the ALJ erred by failing to resolve a conflict between testimony from the Vocational Expert ("VE") and the finding at step four that Plaintiff has the RFC to perform her past relevant work as a telemarketer. (Pl.'s Br. [DE #14] at 4–8; Pl.'s Reply [DE #16].) The court agrees and therefore reverses and remands the matter to the Commissioner for the reasons explained below.

Social Security Ruling[3] 00–4p requires ALJs to resolve conflicts between VE testimony and information about jobs from the Dictionary of Occupational Titles ("DOT"). SSR 00–4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). "Neither the DOT nor the VE . . . evidence automatically 'trumps' when there is a conflict." *Id.* It is the ALJ's duty to ask about any possible conflict, and if the VE's testimony "appears to conflict with the DOT, the [ALJ] [must] obtain a reasonable explanation for the apparent conflict." *Id.* at *4; *see also Pearson v. Colvin*, 810 F.3d 204, 208–10 (4th Cir. 2015) (analyzing SSR 00–4p and holding that ALJs have an independent obligation to identify and resolve conflicts between VE testimony and the DOT). Importantly,

> [w]hen vocational evidence provided by a VE or VS [vocational specialist] is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the [claimant] is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00–4p, 2000 WL 1898704, at *4.

---

[3] SSRs are binding on ALJs when adjudicating claims under the Act. *Dowling v. Comm'r of SSA*, 986 F.3d 377, 387 n.9 (4th Cir. 2021).

6

Here, the record shows an apparent conflict between the VE testimony and the DOT. ALJ Hogan asked the VE whether someone with Plaintiff's RFC—notably including the restriction to no more than moderate noise levels—would be able to perform Plaintiff's past relevant work as a telemarketer. (R. 77–78.) The VE initially testified that such a person would not be able to perform the telemarketer job. (R. 78.) ALJ Hogan then questioned the VE further, stating that according to his understanding of the DOT, the telemarketer job requires only a moderate noise level. (*Id.*) In response, the VE began to explain her opinion, testifying about her experience observing telemarketers working and how that experience related to the noise level restriction posed in the ALJ's hypothetical. (*Id.* ("Okay. Let me check that. And from my training and experience, when you're telemarketing, you're in a room with other people and everybody's on the phone calling and getting information.").) The VE then appeared to check the DOT and stated that the telemarketer job would be available to someone with Plaintiff's RFC. (*Id.* ("So depending on what her environment was – but per DOT – oh, let me get this. Just a second here. Okay, Your Honor, we can go with the per DOT, moderate. So that still would remain.").) In his decision, ALJ Hogan stated that the VE's testimony "is accepted and relied upon," but said nothing about the conflict outlined above. (R. 36.)

The Commissioner concedes there was an apparent conflict that required resolution from ALJ Hogan (Comm'r's Br. [DE #15] at 8) but contends ALJ Hogan sufficiently "resolved the apparent conflict through his questioning of the [VE] and use of this testimony in his decision" (*id.* at 10). Specifically, the Commissioner argues

7

that the ALJ's follow-up questions to the VE, which elicited testimony from the VE that there were no conflicts between her testimony and the DOT (*id.* at 11 (citing R. 78–79)), were sufficient to discharge the ALJ's obligation under SSR 00–4p and *Pearson*.[4]

The problem with the Commissioner's position is that ALJ Hogan did not "explain in the determination or decision how he . . . resolved the conflict." SSR 00–4p, 2000 WL 1898704, at *4; *see* (R. 36). This problem is underscored because ALJ Hogan stated that he accepted the VE's testimony and relied on it, but never explained why he did not rely on the VE's initial testimony that someone with an RFC limited to no more than moderate noise levels would not be able to perform the telemarketer job or that her experience with telemarketing jobs differed from the DOT. (R. 36.) This issue is critical to the Commissioner's disability determination because reliance on the telemarketer job is how the Commissioner met his burden at step four. The failure of ALJ Hogan to comply with his obligations under SSR 00–4p and *Pearson* precludes meaningful review. Remand is therefore necessary.

---

[4] *Pearson* also makes clear that failure to explain how a conflict between VE evidence and the DOT was resolved would not satisfy the ALJ's duty to fully develop the record. *Pearson*, 810 F.3d at 210.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is REVERSED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

This 19th day of September 2024.

_____
KIMBERLY A. SWANK
United States Magistrate Judge